UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA  )
           )
   vs.       )   CAUSE NO. 3:05-CR-131(01) RM
           )
BERNARD ELLIS     )

OPINION and ORDER

On July 24, 2008, a jury convicted Bernard Ellis on all nine counts of the indictment, including five counts of aiding and abetting the making of false statements in connection with purchases of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2, and four counts of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced on November 10 to an aggregate sentence of 480 months' imprisonment. A timely notice of appeal was filed by Mr. Ellis' trial counsel, and his appeal pends before the Seventh Circuit Court of Appeals as Case No. 08-4055.[1]

While the filing of a notice of appeal generally deprives a district court of jurisdiction to decide further motions based on aspects of a case involved in the appeal, see Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999) ("The filing of the appeal . . . deprived the district court of jurisdiction over the case. . . . This rule is necessary to prevent one court's stepping on the toes of the other, which

---

[1] Mr. Ellis filed a *pro se* notice of appeal, as well, but because that appeal was duplicative of the appeal already filed on his behalf, the court of appeals dismissed the second appeal (Case No. 08-4056) on January 22, 2009 as unnecessary.

would waste judicial time as well as forcing the parties to proceed in two courts in the same case at the same time."); <u>Kusay v. United States</u>, 62 F.3d 192, 193 (7th Cir. 1995) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."), the court "does have the power to deny, but not to grant, a Rule 60(b) motion filed while an appeal is pending." <u>Boyko v. Anderson</u>, 185 F.3d at 675; *see also* <u>Craig v. Ontario Corp.</u>, 543 F.3d 872, 875 (7th Cir. 2008) ("After an appeal has been filed, the district court may still consider a motion for relief from judgment under Fed. R. Civ. P. 60(b).").

Mr. Ellis claims in his "Motion to Set Aside Void Judgment," brought pursuant to Federal Rule of Civil Procedure 60(b)(4) and Federal Rule of Criminal Procedure 57(b), that the court lacked subject matter jurisdiction to render the judgment against him. According to Mr. Ellis, the government failed to prove how his possession of firearms on private property was in or affecting commerce, so the judgments against him under 18 U.S.C. § 922(g)(1) are void and must be set aside. Mr. Ellis says, too, that the phase "in or affecting commerce" confines the statute's possession provision "to commerce in the District of Columbia, the territories and places over which Congress has plenary jurisdiction [and] obviates the conviction and sentence in this case for lack of jurisdiction and judicial power." Rule 60(b) Mot., at 17. The law doesn't support Mr. Ellis's arguments.

The provision of Section 922(g)(1) that a felon may not "possess in or affecting commerce, any firearm or ammunition" means that "as long as a firearm

moved across state lines at some point prior to the defendant's possession of it, the possession satisfies § 922(g)(1)'s 'in or affecting commerce' requirement." United States v. Rice, 520 F.3d 811, 815 (7th Cir. 2008); *see also* Scarborough v. United States, 431 U.S. 563, 564 (1977) ("proof that the possessed firearm previously traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce"). At trial, the government established that all of the firearms in question were manufactured outside the State of Indiana[2] and that Mr. Ellis possessed those firearms while he was in Indiana. "This evidence was all the government needed to demonstrate that [Mr. Ellis] possessed the firearms 'in or affecting commerce.'" United States v. Rice, 520 F.3d at 815. Thus, contrary to Mr. Ellis's claim that the phrase "in or affecting commerce" requires a defendant's possession of a firearm to be in commerce in the District of Columbia, the territories, or places over which Congress has plenary jurisdiction, "so long as the firearm crossed state lines at any point prior to the defendant's possession of the gun, his possession is 'in or affecting commerce.'" United States v. Williams, 410 F.3d 397, 400 (7th Cir. 2005).

To the extent Mr. Ellis is challenging the constitutionality of 18 U.S.C. § 922(g)(1), his argument "is clearly foreclosed by controlling precedent." United States v. Ortiz, 474 F.3d 976, 980 (7th Cir. 2007); *see also* United States v.

---

[2] Special Agent Craig Edwards of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that the Hi Point pistols were manufactured in Ohio, the rifles were manufactured in Romania, and by virtue of the fact that the firearms were sold in Indiana, they had all crossed state and/or national boundaries before Mr. Ellis's possession of them. Trial Tr., at 104-106.

Williams, 410 F.3d at 400 ("we have held repeatedly that section 922(g)(1) . . . represents a valid exercise of congressional authority under the Commerce Clause."); United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997) ("§ 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause"); United States v. Turner, 77 F.3d 887, 889 (6th Cir. 1996) ("we hold that § 922(g)(1) represents a valid exercise of legislative power under the Commerce Clause"); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995) ("Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause."); United States v. Carter, 981 F.2d 645, 647 (2d Cir. 1992) ("We are in accord with other circuits that have considered the constitutionality of § 922(g)(1). These courts have held that on its face, § 922(g)(1) 'applies to a possession of a gun that previously moved in interstate commerce.' ").

The court DENIES Mr. Ellis's motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) [docket # 124].

SO ORDERED.

ENTERED:   March 10, 2010

   /s/ Robert L. Miller, Jr.
Judge
United States District Court

cc:   Clerk, Seventh Circuit Court of Appeals
       B. Ellis