UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CR-131(01) RM |
| | ) | |
| BERNARD ELLIS | ) | |

OPINION and ORDER

On March 10, 2010, the court denied Bernard Ellis' motion to set aside void judgment, filed pursuant to Federal Rule of Civil Procedure 60(b)(4) and Federal Rule of Criminal Procedure 57(b).[1] Mr. Ellis is now before the court asking for reconsideration of the denial of his motion to set aside judgment.

While Mr. Ellis cites no legal basis for his motion to reconsider, Federal Rule of Civil Procedure 60 governs because his motion was filed more than ten months after entry of the order he is challenging. Rule 60(b) provides that a court may "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

---

[1] Mr. Ellis's appeal of the November 10, 2008 judgment against him was pending (Seventh Circuit No. 08-4055) on March 10, 2010 when the court denied his Rule 60(b) motion. The court of appeals reversed Mr. Ellis' conviction on Count 9 of the indictment on September 27, 2010, see United States v. Ellis, 622 F.3d 784, 796-800 (7th Cir. 2010), but, to date, no mandate has been received.

been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Relief under Rule 60 is an "extraordinary remedy that is only to be granted under exceptional circumstances." Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 762 (7th Cir. 2001).

Mr. Ellis hasn't set forth any reason justifying relief from the denial of his motion to set aside judgment. *See* Talano v. Northwestern Med. Faculty Found., 273 F.3d at 762 ("A Rule 60 motion permits relief from judgment when it is based on one of the six specific grounds listed in the rule." ). He merely restates the same the arguments the court previously found to be without merit. *See* Op. and Ord. (Mar. 10, 2010), at 2-5. His disagreement with the court's denial of his original motion isn't an appropriate basis for a motion to reconsider.

Because Mr. Ellis hasn't demonstrated any exceptional circumstances that would justify relief under Rule 60, the court DENIES his motion to reconsider the denial of his motion to set aside judgment [docket # 144].

SO ORDERED.

ENTERED:   February 4, 2011


    /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   Clerk, Seventh Circuit Court of Appeals
      B. Ellis
      AUSA Schmid