UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BERNARD ELLIS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:12-CV-556 RM |
| ) | (Arising out of 3:05-CR-131) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

In November 2008, Bernard Ellis was sentenced to an aggregate term of 480 months' imprisonment based on his conviction on five counts of aiding and abetting the making of false statements in connection with purchases of firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2, and four counts of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On September 27, 2010, the court of appeals reversed Mr. Ellis' conviction on Count 9 (felon in possession of firearms in June 2005) based on their conclusion that Mr. Ellis's conviction on that count was barred on double jeopardy grounds by his conviction in Illinois. United States v. Ellis, 622 F.3d 784 (7th Cir. 2010). This court resentenced Mr. Ellis in August 2011 to an aggregate term of imprisonment of 480 months, and the court of appeals affirmed that sentence on January 13, 2012.

Mr. Ellis is now before the court having filed a timely petition seeking to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Relief under § 2255, which is reserved for extraordinary situations, Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007), is available only if the petitioner can demonstrate flaws in the conviction or sentence that are "jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995). A court can deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the claims of Mr. Ellis's petition together with the record of this action conclusively demonstrate that Mr. Ellis isn't entitled to the relief he seeks, the court decides this matter without holding an evidentiary hearing.

Mr. Ellis bases his request for relief under § 2255 on his claim that his counsel provided ineffective assistance by not filing a motion to dismiss challenging (i) "the government's constitutional authority to enforce the federal criminal laws not committed within an area the federal government has sovereign legislative jurisdictional power," and (ii) the court's "lack of constitutional 'judicial power' to sit in judgment over any criminal case." Petn., at 2. Mr. Ellis argues that because the federal government had no jurisdiction over his actions in the State of Indiana and this court lacks "judicial power" over all criminal cases, his

conviction must be reversed and the charges of the indictment dismissed with prejudice.

To succeed on his ineffective assistance of trial counsel claim, Mr. Ellis must show, first, that his attorney's performance was deficient — "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" — and second, that counsel's deficient performance prejudiced his defense — "that counsel's errors were so serious as to deprive [the defendant] of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984); *see also* Kimmelman v. Morrison, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). A strong presumption exists that counsel performed effectively. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. at 381. "Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the

3

outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. at 694).

*Challenge to Authority of Federal Government*

Mr. Ellis says his attorney was ineffective when he didn't require the government "to establish it had constitutional authority to enforce its criminal laws in areas the state has sovereign territorial jurisdiction, excluding the federal government of its criminal law enforcement power within said areas of the state." Memo., at 3. Mr. Ellis claims his counsel should have filed a motion to dismiss arguing that Congress' enactment of the statutes under which he was charged — 18 U.S.C. §§ 922 and 924 — violated the constitution. Mr. Ellis cites cases, dating back to the early 1800's, that he says demonstrate the Supreme Court's recognition of the dual sovereignty of the state and federal governments, as well as the unconstitutional enforcement by the Executive Branch of federal criminal laws by "obeying Congress' enactments that usurp its limits and . . . sitting in judgment in the absence of jurisdiction." Memo., at 8. According to Mr. Ellis, while his argument in this regard might present "issues of first impression, the opinions of the Supreme Court [have] already hinted that the government was constitutionally prohibited from crossing the constitutional lines the Framers expressly drafted into the Constitution, and it is time for the courts to recognize such transgressions and put a stop to it, and this motion presents just a scintilla

4

of what is to come in the foreseeable future of the federal criminal justice system." Memo., at 12. Mr. Ellis concludes that the "Commerce Clause has no business (no pun intended) being used as an excuse for defining and punishing conduct that has a purported substantial effect on commerce." Memo., at 12.

The law doesn't support Mr. Ellis's argument, just as it didn't support the analogous jurisdictional challenge he asserted in 2010. Mr. Ellis argued in a motion to set aside void judgment that the government had not proven how his possession of firearms on private property in Indiana had any affect on commerce and further claimed that use of the phrase "in or affecting commerce" in 18 U.S.C. § 922(g)(1) confined the possession provision of that statute to commerce "in the District of Columbia, the territories and places over which Congress has plenary jurisdiction [and] obviates the conviction and sentence in this case for lack of jurisdiction and judicial power." Op. and Ord. (Mar. 10, 2012), at 2 (*quoting* Rule 60(b) Mot., at 17). The law and reasoning the court cited when denying Mr. Ellis's motion to set aside void judgment apply equally here:

> The provision of Section 922(g)(1) that a felon may not "possess in or affecting commerce, any firearm or ammunition" means that "as long as a firearm moved across state lines at some point prior to the defendant's possession of it, the possession satisfies § 922(g)(1)'s 'in or affecting commerce' requirement." United States v. Rice, 520 F.3d 811, 815 (7th Cir. 2008); *see also* Scarborough v. United States, 431 U.S. 563, 564 (1977) ("proof that the possessed firearm previously traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce"). At trial, the government established that all of the firearms in question were manufactured outside the State of

5

Indiana[1] and that Mr. Ellis possessed those firearms while he was in Indiana. "This evidence was all the government needed to demonstrate that [Mr. Ellis] possessed the firearms 'in or affecting commerce.'" United States v. Rice, 520 F.3d at 815. Thus, contrary to Mr. Ellis's claim that the phrase "in or affecting commerce" requires a defendant's possession of a firearm to be in commerce in the District of Columbia, the territories, or places over which Congress has plenary jurisdiction, "so long as the firearm crossed state lines at any point prior to the defendant's possession of the gun, his possession is 'in or affecting commerce.'" United States v. Williams, 410 F.3d 397, 400 (7th Cir. 2005).

To the extent Mr. Ellis is challenging the constitutionality of 18 U.S.C. § 922(g)(1), his argument "is clearly foreclosed by controlling precedent." United States v. Ortiz, 474 F.3d 976, 980 (7th Cir. 2007); *see also* United States v. Williams, 410 F.3d at 400 ("we have held repeatedly that section 922(g)(1) . . . represents a valid exercise of congressional authority under the Commerce Clause."); United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997) ("§ 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause"); United States v. Turner, 77 F.3d 887, 889 (6th Cir. 1996) ("we hold that § 922(g)(1) represents a valid exercise of legislative power under the Commerce Clause"); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995) ("Section 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause."); United States v. Carter, 981 F.2d 645, 647 (2d Cir. 1992) ("We are in accord with other circuits that have considered the constitutionality of § 922(g)(1). These courts have held that on its face, § 922(g)(1) 'applies to a possession of a gun that previously moved in interstate commerce.' ").

Op. and Ord. (Mar. 10, 2010), at 2-4. Mr. Ellis's challenge to the constitutionality of the Armed Career Criminal Act, 18 U.S.C. § 924(e), also is without merit. *See* United States v. Bonat, 106 F.3d 1472, 1478 (9th Cir. 1997) ("Because there is a

---

[1] Special Agent Craig Edwards of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that the Hi Point pistols were manufactured in Ohio, the rifles were manufactured in Romania, and by virtue of the fact that the firearms were sold in Indiana, they had all crossed state and/or national boundaries before Mr. Ellis's possession of them. Trial Tr., at 104-106.

6

sufficient nexus between Bonat's § 922(g)(1) violation and interstate commerce, the sentence enhancement [under 18 U.S.C. § 924(e)] has the same nexus to commerce and thus does not violate the commerce clause."); United States v. Presley, 52 F.3d 64, 67-68 (4th Cir. 1995) (18 U.S.C. § 924(e), "as the basis for enhancement of a felon in possession sentence, has the same nexus to interstate commerce concerns as does the underlying possession offense, and thus [18 U.S.C. § 924(e)] is likewise within Congress' authority to legislate under the Commerce Clause."); United States v. Lowe, 860 F.2d 1370, 1379-1380 (7th Cir. 1988) ("The legislative history of the Armed Career Criminal Act lends further support to our conclusion that a common-sense interpretation of the current wording and structure of § 924(e) reveals Congress' intent to create a sentence-enhancement provision rather than a separate substantive offense.").

Because Mr. Ellis's challenge to the federal government's authority to prosecute him for violations of federal statutes committed in the State of Indiana is without merit, his counsel wasn't ineffective for not filing a motion to dismiss on that basis. *See* United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) ("[a] defendant's lawyer has, it is certainly true, no duty to make a frivolous argument"); Carpenter v. United States, 492 F. Supp. 2d 912, 922 (N.D. Ill. 2007) ("Counsel was not constitutionally ineffective for failing to raise what would have been yet another frivolous argument."). Mr. Ellis isn't entitled to the relief he seeks under 42 U.S.C. § 2255 on this basis.

7

*Challenge to Subject Matter Jurisdiction*

Mr. Ellis also says his counsel was ineffective for not filing a motion to dismiss based on the court's lack of subject matter jurisdiction over the case against him. Mr. Ellis claims the Framers placed limits on the judiciary under Article III to handle only "'cases, in law and equity,' which means only cases that are civil in nature," so Congress' enactment of 18 U.S.C. § 3231 was unconstitutional. Memo., at 13. According to Mr. Ellis, "Congress is forbidden from vesting the 'inferior' federal courts any 'judicial power' over 'cases' not 'in law and equity,' which the Supreme Court has determined are only 'suits of a civil nature at common law or in equity,' and it is incumbent on this court to reverse the instant convictions, dismiss the indictment with prejudice, and declare that 18 U.S.C. § 3231 is invalid, null and void, thus the district courts of the United States lack 'judicial power' to sit in judgment over any 'criminal case' in this absence of an amendment to the Constitution, by the People, enlarging the Article III, § 2, 'judicial power' over criminal matters, thus authorizing Congress to enact such statutory provision as 18 U.S.C. § 3231 thereafter." Memo., at 19. The law is not what Mr. Ellis believes it to be.

Subject matter jurisdiction is defined as "the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998). Article III, Section 2, of the United States

Constitution provides in pertinent part that "judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority." In accordance with that provision, Congress enacted 18 U.S.C. § 3231, which provides that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." While Mr. Ellis argues that Article III, Section 2 doesn't apply to criminal cases, rendering 18 U.S.C. § 3231 unconstitutional, the Supreme Court has long held to the contrary:

> [T]he judicial power of the government . . . is declared by the second section of the third article [of the United States Constitution] to 'extend to all cases in law and equity arising under the Constitution, the laws of the United States, and treaties made or which shall be made under their authority.' This provision embraces alike civil and criminal cases arising under the Constitution and laws. Both are equally within the domain of the judicial powers of the United States, and there is nothing in the grant to justify an assertion that whatever power may be extended over a civil case may not be exerted as fully over a criminal one. And a case arising under the Constitution and laws of the United States may as well arise in a criminal prosecution as in a civil suit.

Tennessee v. Davis, 100 U.S. 257, 263-264 (1879). Thus, the "subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." United States v. Krilich, 209 F.3d 968, 972 (7th Cir. 2000); *see also* In re Hijazi, 589 F.3d 401, 408 (7th Cir. 2009) (District courts have

"jurisdiction over all offenses against the laws of the United States." (*citing* 18 U.S.C. § 3231)); United States v. Burke, 425 F.3d 400, 408 (7th Cir. 2005) ("Subject matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions under the United States Code."); United States v. Bjorkman, 270 F.3d 482, 490 (7th Cir. 2001) (18 U.S.C. § 3231 "creates jurisdiction to try charges framed by federal indictments. . . . [D]istrict judges always have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law."); United States v. Vitek Supply Co., 151 F.3d 580, 586 (7th Cir. 1998) ("The United States *always* gets to litigate in its own courts." (*citing* 18 U.S.C. § 3231 and 28 U.S.C. § 1345)).

Mr. Ellis was charged with (and convicted of) violating properly enacted federal statutes — specifically, 18 U.S.C. §§ 922 and 924 — so this court had jurisdiction over the charges against him pursuant to 18 U.S.C. § 3231. Because his challenge to the court's jurisdiction and the constitutionality of 18 U.S.C. § 3231 has no legal merit, his counsel wasn't ineffective for not filing a motion to dismiss based on a frivolous argument. *See* Woods v. United States, No. 09 C 4925, 2009 WL 3787904, at *6 (N.D. Ill. Nov. 12, 2009) ("Woods' claims have no merit, and thus his counsel was not deficient in his performance by failing to present these claims to the court.").

*Conclusion*

"To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice." Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). Mr. Ellis hasn't alleged anything that could establish that his trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance, nor has he established a reasonable probability that had his counsel filed a motion challenging the government's authority to enforce the charges against him and/or this court's jurisdiction over any criminal case, the results of the proceedings would have been any different. Thus, Mr. Ellis isn't entitled to the relief he seeks under 28 U.S.C. § 2255, and the court SUMMARILY DENIES his petition [docket # 188].

SO ORDERED.

ENTERED:   October 16, 2012

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:  B. Ellis
     AUSA Schmid